UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN DOLAN,<br><br>                    Plaintiff,<br><br>-against-<br><br>MARSHA BAKER; SUSAN MARINELLI; ANDREW ESPOSITO; JUDGE JOHN McCABE; DISTRICT OF COLUMBIA,<br><br>                    Defendants. | 21-CV-4078 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Brewster, New York, brings this *pro se* action, alleging that Defendants violated his rights during events that occurred in the District of Columbia. For the following reasons, this action is transferred to the United States District Court for the District of Columbia.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when Superior Court Judge McCabe issued a Civil Protection Order against him in the District of Columbia. Because Plaintiff alleges that all Defendants reside outside this District and that all of the events or omissions giving rise

to his claim arose outside this District, venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in District of Columbia. *See* 28 U.S.C. § 88. Accordingly, venue lies in the District of Columbia, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 7, 2021
        New York, New York

                                                 /s/ Laura Taylor Swain
                                                       LAURA TAYLOR SWAIN
                                                   Chief United States District Judge